No _____

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

Mark Pinsley Pro Se, Plaintiff

v.

Donald J. Trump, John Doe, Jane Doe, Defendant

PRO SE, GENERAL COMPLAINT

REC'D JAN 1 4 2025

i

## <u>PARTIES TO THE PROCEEDING</u>

**Plaintiffs**:

1. Mark Pinsley Pro Se, a resident of Pennsylvania. 1702 W Allen St #1607, Allentown, PA 18104

**Defendant**:

1. Donald J. Trump, The declared President-elect of the United States, 1100 S Ocean Blvd, Palm Beach, FL 33480

2. John and Jane Doe, This designation refers to any individuals or entities, known or unknown at the time of filing, who are legally empowered to administer the oath of office to a federal officeholder. These placeholders include, but are not limited to, federal and state officers, judges, notaries, or any other persons authorized under law to perform this function. The inclusion of "John and Jane Doe" ensures that all potential administrators of the oath of office are accounted for in this action, particularly where their identities cannot be determined in advance. This is essential to guarantee compliance with the constitutional mandates set forth in Section 3 of the 14th Amendment regarding disqualified individuals.

## TABLE OF CONTENTS

PARTIES TO THE PROCEEDING..................................................................................ii

TABLE OF CONTENTS ........................................................................................ iii

TABLE OF AUTHORITIES .......................................................................................iv

1.  CONSTITUTIONAL PROVISIONS INVOLVED.....................................................1

2.  JURISDICTION...........................................................................................1

3.  STANDING OF THE PLAINTIFF............................................................................6

4.  FACTS & CLAIMS........................................................................................7

5.  STATEMENT OF THE CASE...........................................................................12

6.  INJURIES .................................................................................................14

7.  LEGAL BASIS FOR UNIFORM TREATMENT OF STATE COURT
ADJUDICATIONS.......................................................................................15

8.  PRAYER FOR RELIEF ..................................................................................21

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Griswold (543 P.3d 283, 2023) ........................................................... 12, 13

Baker v. Carr, 369 U.S. 186 (1962) ...................................................................... 4, 5, 16

Colorado v. Donald J. Trump ............................................................................................ 18

Griffin's Case, 11 F. Cas. 7 (C.C.D. Va. 1869) ............................................................... 4

Marbury v. Madison, 5 U.S. 137 (1803) ......................................................................... 4

Martin v. Hunter's Lessee, 14 U.S. 304 (1816) ...................................................... 3, 15

United States v. Powell, 65 N.C. 709 (1871) ................................................................. 4

**Statutes**

28 U.S.C. § 1331 ............................................................................................................. 1, 5

28 U.S.C. § 1651 .......................................................................................................... 10, 11

28 U.S.C. § 1738 ............................................................................................................... 19

28 U.S.C. §§ 2201–2202 .................................................................................................... 9

1.    **CONSTITUTIONAL PROVISIONS INVOLVED**

1.1.    This matter concerns Section 3 of the Fourteenth Amendment to the
United States Constitution, which provides as follows:

> Section 3. "No person shall be a Senator or Representative in
> Congress, or elector of President and Vice-President, or hold any
> office, civil or military, under the United States, or under any State,
> who, having previously taken an oath, as a member of Congress, or
> as an officer of the United States, or as a member of any State
> legislature, or as an executive or judicial officer of any State, to
> support the Constitution of the United States, shall have engaged
> in insurrection or rebellion against the same, or given aid or comfort
> to the enemies thereof. But Congress may by a vote of two-thirds of
> each House, remove such disability.".

2.    **JURISDICTION**

2.1.    This case arises under Section 3 of the 14th Amendment to the United
States Constitution, a self-executing provision designed to safeguard the
constitutional order by disqualifying individuals who have engaged in
insurrection. Federal jurisdiction is proper under 28 U.S.C. § 1331, which
grants district courts original jurisdiction over cases arising under the

1

Constitution. Plaintiffs seek judicial enforcement of this constitutional mandate to prevent the unconstitutional administration of the oath of office to a disqualified individual.

**2.2.**    Federal Question Jurisdiction: Section 3 of the 14th Amendment explicitly prohibits individuals who have engaged in insurrection from holding public office unless Congress removes the disqualification by a two-thirds vote. This provision, while self-executing, requires judicial enforcement once adjudicated facts establish disqualification. Plaintiffs rely on the Colorado Supreme Court's determination, which concluded that Donald J. Trump engaged in insurrection, as the factual and legal basis to trigger Section 3's automatic disqualification.

2.3.    Supremacy Clause and Full Faith and Credit Clause: The Supremacy Clause (Article VI, Clause 2) establishes that the Constitution and federal laws are the supreme law of the land, binding on all state and federal actors. When the Colorado Supreme Court rendered its decision, it applied federal constitutional law within this framework. This decision is a valid interpretation of federal constitutional law and must be respected as part of the federal legal system unless overturned by a higher federal court.

2.4.    Full Faith and Credit Clause and Federal Jurisdiction: Federal jurisdiction is further supported by the Full Faith and Credit Clause (Article IV, Section 1) of the U.S. Constitution, which requires courts to respect judicial determinations made by competent courts in other states. This principle is

codified in 28 U.S.C. § 1738, which mandates that federal courts must give full effect to state court judgments unless procedural defects, lack of jurisdiction, or violations of federal law are evident. The Colorado Supreme Court's ruling that Donald J. Trump engaged in insurrection under Section 3 of the 14th Amendment satisfies all conditions of validity:

2.4.1.   Proper Jurisdiction: The Colorado Supreme Court exercised its authority under state and federal law to adjudicate the matter of constitutional eligibility.

2.4.2.   Due Process Compliance: The ruling followed due process, including thorough evidentiary proceedings and legal analysis.

2.4.3.   Factual Basis for Enforcement: The court's findings are consistent with federal constitutional standards and are entitled to deference under the Full Faith and Credit Clause.

2.5.   Federal courts have historically upheld their duty to respect and enforce valid state court determinations involving federal constitutional provisions. For example:

2.5.1.   *Martin v. Hunter's Lessee*, 14 U.S. 304 (1816): Established that state courts can interpret and apply federal law under the Supremacy Clause, and their decisions carry weight unless overturned by higher courts.

3

2.5.2.   *Baker v. Carr*, 369 U.S. 186 (1962): Clarified that federal courts must adjudicate constitutional questions, even when they involve significant political implications.

2.6.   This Court's jurisdiction to enforce the Colorado ruling aligns with the constitutional framework requiring uniformity in the application of federal law. Recognizing the Colorado Supreme Court's findings under the Full Faith and Credit Clause ensures consistency across jurisdictions and prevents the erosion of constitutional safeguards.

2.7.   Judicial Role in Enforcing Constitutional Mandates: Federal courts play a critical role in ensuring the uniform application of constitutional principles across the nation. As established in *Marbury v. Madison*, 5 U.S. 137 (1803), the judiciary is tasked with interpreting and enforcing constitutional provisions. Section 3 of the 14th Amendment is a mandatory, self-executing provision requiring enforcement once its factual threshold is met. This Court's role is to uphold the constitutional prohibition against disqualified individuals holding office, not to reinterpret state court findings but to ensure their enforcement under federal law.

2.8.   Historical Precedent: Courts have previously enforced Section 3 of the 14th Amendment based on adjudicated facts. In Griffin's Case, 11 F. Cas. 7 (C.C.D. Va. 1869), and *United States v. Powell*, 65 N.C. 709 (1871), courts disqualified individuals from holding office for engaging in rebellion. These cases demonstrate the judiciary's authority to enforce Section 3 based on

valid findings, affirming its applicability to both state and federal officeholders.

2.9.  Political Question Doctrine Inapplicable: This case does not present a non-justiciable political question. The enforcement of Section 3 is a purely legal matter, addressing whether a valid state court determination triggers the constitutional disqualification. Plaintiffs do not seek policy determinations but judicial enforcement of an explicit constitutional mandate. The judiciary's role in enforcing clear constitutional provisions, as recognized in *Baker v. Carr*, 369 U.S. 186 (1962), includes ensuring compliance with Section 3.

2.10.  Urgency and Constitutional Importance: The imminent administration of the oath of office to a disqualified individual presents a direct constitutional violation. Judicial intervention is necessary to prevent this unconstitutional act, protect public trust in democratic governance, and uphold the Constitution's explicit safeguards. While Congress retains the authority to remove disqualifications, its inaction does not negate the judiciary's obligation to enforce existing constitutional prohibitions.

2.11.  In sum, this Court has jurisdiction under *28 U.S.C. § 1331* and is tasked with ensuring the enforcement of Section 3's self-executing prohibition. The Plaintiffs request the Court's intervention to uphold the Constitution and prevent a violation of its explicit terms.

### 3.  <u>STANDING OF THE PLAINTIFF</u>

3.1.    The Plaintiff has standing under Article III "cases or controversies" clause because he satisfies all three constitutional requirements for standing:

    3.1.1.    Injury in Fact: The Plaintiff has suffered a concrete and particularized injury arising from the potential violation of constitutional protections in the upcoming electoral process. Allowing an individual disqualified under Section 3 of the 14th Amendment to win the Electoral College vote and assume office would render the Plaintiff's vote meaningless by permitting a constitutionally ineligible candidate to benefit from the democratic process. This harm is direct and personal because it undermines the Plaintiff's expectation of a lawful electoral system and his right to participate in an election that adheres to the rule of law. Beyond the general harm shared by all voters, the Plaintiff is uniquely harmed as a resident of Pennsylvania, a state with significant influence in federal elections. The integrity of the Electoral College vote directly impacts the Plaintiff's rights as a participant in the electoral process. By failing to enforce Section 3's disqualifications, the electoral process becomes constitutionally invalid, diminishing the value of the Plaintiff's vote and threatening public trust in democratic governance.

    3.1.2.    Causation: The Plaintiff's injury is directly caused by the failure to enforce constitutional disqualifications under Section 3 of the 14th

6

Amendment. This failure allows an individual adjudicated to have engaged in insurrection to benefit from the electoral process, undermining the Constitution's explicit safeguards. The harm to the Plaintiff's voting rights is fairly traceable to the lack of enforcement of this constitutional mandate.

3.1.3.  Redressability: The Court has the authority to issue a remedy—an injunction barring the Defendant from assuming office—that will directly address and rectify the Plaintiff's injury. Such relief will ensure the Plaintiff's vote retains its full constitutional value and that the electoral process adheres to the rule of law.

## 4.  FACTS & CLAIMS

4.1.  Facts

4.1.1.  January 6, 2021: A breach occurred at the U.S. Capitol, successfully interrupting the certification of the 2020 presidential election results.

4.1.2.  November 6, 2024: In Citizens for Responsibility and Ethics in Washington v. Trump, the Colorado District Court adjudicated that Donald J. Trump had engaged in insurrection under Section 3 of the 14th Amendment.

4.1.3.  November 17, 2024: The Colorado Supreme Court affirmed the District Court's finding that Trump had engaged in insurrection and sought to enforce Section 3 by removing Trump from the state's 2024 presidential ballot.

7

4.1.4.   December 18, 2024: The U.S. Supreme Court, in Trump v. Citizens for Responsibility and Ethics in Washington, overturned the Colorado Supreme Court's ruling, holding that individual states lack the authority to remove candidates from federal election ballots.

4.1.5.   Adjudication Undisturbed: The U.S. Supreme Court's ruling did not disturb or overturn the Colorado court's factual finding that Trump engaged in insurrection.

4.1.6.   November 5, 2024: The national election took place, and Donald J. Trump received the required number of Electoral College votes to become President.

4.1.7.   January 6, 2025: Congress certified the results of the 2024 presidential election, confirming Trump's Electoral College victory.

4.1.8.   Adjudicated Insurrectionist: Trump remains an adjudicated insurrectionist based on the findings of the Colorado courts.

4.1.9.   Oath of Office: Trump previously took an oath to support the Constitution of the United States as part of his duties in prior offices, including as President of the United States from 2017 to 2021.

4.1.10.   Constitutional Threshold Met: Section 3 of the 14th Amendment states that any person who has taken an oath to support the Constitution and engaged in insurrection is disqualified from holding public office unless Congress removes the disqualification by a two-thirds vote. Congress has not removed the disability.

4.1.11.    January 20, 2025: Trump's inauguration is scheduled for January
           20, 2025, where it is expected that he will be sworn in as President
           in violation of the Constitution.

4.2.    Claims

4.2.1.    **Count I: Declaratory Relief Regarding Donald J. Trump's
          Disqualification Under Section 3**

4.2.1.1.    This claim is brought under the Declaratory Judgment Act,
            28 U.S.C. §§ 2201–2202, and the equitable powers of this
            Court.

4.2.1.2.    Section 3 of the 14th Amendment disqualifies individuals
            who have:

4.2.1.2.1.    Previously taken an oath to support the Constitution
              of the United States, and

4.2.1.2.2.    Subsequently engaged in insurrection or rebellion
              against the United States.

4.2.1.3.    Donald J. Trump has been adjudicated by the Colorado courts
            as having engaged in insurrection under Section 3 of the 14th
            Amendment.

4.2.1.4.    This adjudication renders Trump disqualified from holding
            public office unless Congress removes the disqualification by
            a two-thirds vote.

4.2.1.5.    Plaintiff seeks a declaration that Donald J. Trump is
            disqualified under Section 3 of the 14th Amendment from
            taking the oath of office or otherwise assuming the office of

9

President of the United States, unless and until Congress removes his disqualification.

### 4.2.2.    Count II: Injunctive Relief to Prohibit Donald J. Trump from Taking the Oath of Office

4.2.2.1.    This claim is brought under the All Writs Act, 28 U.S.C. § 1651, and the equitable powers of this Court.

4.2.2.2.    Section 3 of the 14th Amendment disqualifies individuals who have:

4.2.2.2.1.    Previously taken an oath to support the Constitution of the United States, and

4.2.2.2.2.    Subsequently engaged in insurrection or rebellion against the United States.

4.2.2.3.    Donald J. Trump has been adjudicated by the Colorado courts as having engaged in insurrection under Section 3 of the 14th Amendment.

4.2.2.4.    This adjudication renders Trump disqualified from holding public office unless Congress removes the disqualification by a two-thirds vote.

4.2.2.5.    Allowing Trump to take the oath of office would violate the Constitution and irreparably harm the rule of law.

4.2.2.6.    The Court must enjoin Donald J. Trump from taking the oath of office or otherwise assuming the office of President of the United States to ensure compliance with Section 3 of the 14th Amendment.

### 4.2.3.    Count III: Injunctive Relief to Prohibit the Administration of the Oath of Office to Donald J. Trump

4.2.3.1.    This claim is brought under the All Writs Act, 28 U.S.C. § 1651, and the equitable powers of this Court.

4.2.3.2.    Section 3 of the 14th Amendment disqualifies individuals who have:

4.2.3.2.1.    Previously taken an oath to support the Constitution of the United States, and

4.2.3.2.2.    Subsequently engaged in insurrection or rebellion against the United States.

4.2.3.3.    Donald J. Trump has been adjudicated by the Colorado courts as having engaged in insurrection under Section 3 of the 14th Amendment.

4.2.3.4.    This adjudication satisfies the constitutional threshold for disqualification, rendering him ineligible to hold public office unless Congress removes the disqualification by a two-thirds vote.

4.2.3.5.    Administering the oath of office to Donald J. Trump would directly violate Section 3 of the 14th Amendment by facilitating the assumption of office by an individual constitutionally disqualified.

4.2.3.6.    The Court must enjoin any individual or entity authorized to administer the oath of office, including federal and state officials, from administering the oath to Donald J. Trump to ensure compliance with Section 3 of the 14th Amendment.

11

### 5. __STATEMENT OF THE CASE__

5.1.  The Plaintiff asserts that Donald J. Trump is constitutionally disqualified from holding office under Section 3 of the 14th Amendment and that the U.S Supreme Court's ruling in *Anderson v. Griswold* left undisturbed the factual finding by the Colorado Supreme Court that Trump engaged in insurrection, thereby meeting the threshold for Section 3's self-executing provision

5.2.  The Constitution establishes provisions that take effect automatically (self-executing) when specific factual thresholds are met, ensuring their uniform application without requiring further legislative or procedural action. Section 3 of the 14th Amendment operates as a self-executing provision. When the threshold event of an individual engaging in insurrection is adjudicated, the constitutional disqualification applies universally.

5.3.  The Colorado Supreme Court, in *Anderson v. Griswold* (543 P.3d 283, 2023), determined that Donald J. Trump engaged in insurrection as defined by Section 3. As a result, the threshold for Section 3 self-executing provision has been met, and now Donald J. Trump is constitutionally barred from holding any federal public office, including the office of the President

5.4.  State courts possess the constitutional authority to interpret and apply federal law, including the 14th Amendment, under the Supremacy Clause of the U.S. Constitution. This authority extends to evaluating and adjudicating provisions such as Section 3. The Colorado Supreme Court,

12

in *Anderson v. Griswold* (543 P.3d 283, 2023), exercised this authority to determine that Donald J. Trump engaged in insurrection. The court performed a thorough evidentiary record, factual findings, and adherence to due process. While the ruling is directly binding within Colorado, its effect under Section 3 extends beyond state borders due to the provision's self-executing nature.

5.4.1. **Binding the Constitution, Not the Nation:** The Colorado Supreme Court's factual determination that Donald J. Trump engaged in insurrection satisfies the constitutional threshold required to trigger Section 3 of the 14th Amendment. While this determination may not bind other states directly, it fulfills Section 3's self-execution requirements, thereby causing the constitutional disqualification to apply universally and independently of state enforcement mechanisms.

5.4.2. **Federal Implications: Section 3 is self-executing,** and the Colorado Supreme Court's ruling automatically disqualifies Trump from holding federal offices, including the presidency, unless Congress removes the disqualification by a two-thirds vote in both houses.

5.5. Allowing Donald J. Trump to be administered the oath of office would violate the Constitution by disregarding a valid judicial determination under Section 3, undermining the Supremacy Clause and the uniform application of constitutional law.

13

## 6.  INJURIES

6.1.    The Plaintiff faces concrete and particularized harm to his constitutional rights as a voter and citizen. By permitting a disqualified individual to assume office, the integrity of the democratic process is fundamentally compromised, resulting in the following injuries:

6.1.1.    A direct violation of the Plaintiff's right to vote for a qualified candidate, as guaranteed by the Constitution. Allowing a disqualified individual to hold office denies the Plaintiff the full protection of the rule of law, undermining his ability to participate in a free and fair election.

6.1.2.    An erosion of trust in constitutional governance and the rule of law. The failure to enforce Section 3 of the 14th Amendment undermines the legitimacy of the legal and electoral systems, directly harming the Plaintiff's confidence in the fairness and reliability of democratic institutions.

6.1.3.    A denial of the equal protection of the laws guaranteed by the 14th Amendment. The Plaintiff's fundamental rights are violated by permitting an unqualified individual to hold office, effectively granting special treatment to someone judicially determined to have engaged in insurrection. This unequal application of the Constitution diminishes the Plaintiff's status as a citizen with equal rights under the law.

14

6.1.4.    A direct and personal injury to the Plaintiff's right to have his vote respected and his participation in government treated with equal dignity. Allowing a disqualified individual to assume office diminishes the value of the Plaintiff's vote, undermining the fairness of the electoral process and his confidence that constitutional mandates are upheld.

6.1.5.    The Plaintiff, as a resident of Pennsylvania and participant in the electoral process, experiences harm to his civic standing and personal stake in the integrity of constitutional governance. The failure to enforce the explicit constitutional prohibition against disqualified individuals holding office denies the Plaintiff the right to a government that adheres to the Constitution, directly injuring his rights as a voter and citizen.

## 7.    LEGAL BASIS FOR UNIFORM TREATMENT OF STATE COURT ADJUDICATIONS

7.1.    **Supremacy Clause and State Court Determinations.:** The Supremacy Clause (Article VI of the U.S. Constitution) ensures that state courts when interpreting federal constitutional law, operate as part of the federal judicial system. This means that a valid determination made by a state court under federal law—such as the Colorado Supreme Court's ruling in this case—must be respected nationwide to uphold uniform

constitutional principles. State courts have the authority, known as concurrent jurisdiction, to interpret and apply federal constitutional law. This principle was established in *Martin v. Hunter's Lessee*, 14 U.S. 304 (1816). As a result, the Colorado Supreme Court's determination under Section 3 of the Fourteenth Amendment remains valid and enforceable unless overturned by a higher court.

7.2. **Political Question Doctrine Inapplicable.** This case involves enforcement of an explicit, self-executing constitutional provision—Section 3 of the Fourteenth Amendment—and does not present a non-justiciable political question. The political question doctrine does not bar judicial enforcement of constitutional requirements, even where the outcome may have significant political implications. See *Baker v. Carr*, 369 U.S. 186 (1962). The key issue here—whether a valid state court determination that a candidate engaged in insurrection triggers Section 3's automatic disqualification—is purely legal in nature and is squarely within the judiciary's constitutional duty to resolve.

7.3. **Self-executing Threshold:** The Constitution is designed to activate specific rights and disqualifications automatically upon certain threshold events. These provisions, often described as self-executing, require no additional legislative or procedural action to take effect. Section 3 of the 14th Amendment, which disqualifies individuals who have engaged in insurrection from holding federal office, operates in this same automatic manner

7.3.1.    The **threshold event** that triggers Section 3's disqualification is a **factual determination** that an individual engaged in insurrection after taking an oath to support the Constitution. Once this factual condition is satisfied, the constitutional prohibition immediately takes effect. The text of Section 3 makes this clear:

7.3.1.1.    "No person shall...hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath...to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof." In constitutional and statutory interpretation, the term "shall" signifies a mandatory obligation or prohibition, leaving no room for discretion. In this context, "shall" explicitly serves as a prohibition, barring individuals who have engaged in insurrection from holding public office.

7.3.2.    **Illustrative Self-Executing Thresholds in the Constitution:** The Constitution includes several self-executing provisions that take effect automatically when specific factual thresholds are met. Section 3 of the 14th Amendment operates in the same way. Crucially, the U.S. state in which the threshold event occurs is immaterial. Once the factual condition is satisfied, the self-executing nature of the constitutional provision applies universally without requiring additional action from Congress, federal courts, or other states.

17

**7.3.2.1.    Birthright Citizenship (14th Amendment):**

- **Threshold Event:** Being born on U.S. soil.
- **Effect: Automatic** U.S. citizenship, requiring no additional legislative or procedural action.

**7.3.2.2.    Voting Rights at Eighteen (26th Amendment):**

- **Threshold Event:** Turning 18 years old.
- **Effect:** Automatic eligibility to vote in federal and state elections. States may require procedural steps like registration, but the underlying right is self-executing.

**7.3.2.3.    Marriage Recognition (Full Faith and Credit Clause):**

- **Threshold Event:** Legal marriage in one state.
- **Effect:** Automatic recognition of the marriage nationwide under the Full Faith and Credit Clause.
- **Parallel to Section 3:** Just as marriage in one jurisdiction triggers nationwide recognition, a factual determination of insurrection triggers disqualification universally.

**7.3.3.**    These examples underscore how constitutional rights and statutes can be **self-executing**: they apply nationwide once the specified condition (e.g., birth on U.S. soil, turning eighteen) is satisfied, regardless of state boundaries or additional state-level formalities.

**7.4.    Section 3 of the Fourteenth Amendment as a Self-Executing Provision.** Section 3 of the Fourteenth Amendment similarly operates

under a "threshold" principle. It disqualifies any person who has engaged in insurrection or rebellion against the United States from holding public office absent a two-thirds vote of Congress to remove that disability. By its plain text, Section 3 states that individuals who have engaged in such acts "shall" be disqualified—a mandatory provision that takes effect automatically once the **factual threshold** ("engagement in insurrection") is met. No additional legislative or executive action is necessary to implement the disqualification; the Constitution enforces it.

7.5.    **Triggering the Threshold for Insurrection.** In the case of *Colorado v. Donald J. Trump*, the Colorado Supreme Court determined, based on federal constitutional law, that Donald J. Trump engaged in insurrection under Section 3 of the 14th Amendment. This ruling directly binds the state of Colorado but has broader implications because the factual finding of insurrection functions as a nationwide "threshold" that activates Section 3's constitutional disqualification. Federal courts are required to respect state court findings of fact unless there is a valid legal basis to challenge them. *Under 28 U.S.C. § 1738*, federal courts must give full faith and credit to state court judgments, meaning they cannot reinterpret or disregard the factual determination unless:

- There was a procedural or jurisdictional defect in the state court process;

- The state court misapplied federal law; or

- There is a valid constitutional or statutory reason for reversal.

7.6.   In this instance, the U.S. Supreme Court has left the Colorado Supreme Court's finding—that Trump engaged in insurrection—undisturbed. As such, the factual determination remains intact and must be given effect.

7.7.   **Preventing Constitutional Violations and Upholding Uniformity.** Failure to recognize and enforce Section 3's mandatory disqualification would undermine the Supremacy Clause by allowing an individual who has been validly adjudicated to have engaged in insurrection to assume federal office. Such disregard would violate the explicit constitutional command to protect public office from individuals who pose a threat to the government's integrity. Ensuring uniform recognition of the Colorado Supreme Court's factual finding preserves both the Constitution's supremacy and the principle that self-executing clauses are enforced nationwide once their triggering threshold is met.

7.8.   **Conclusion on Uniform Application.** Taken together, these principles show that Section 3 of the Fourteenth Amendment—much like birthright citizenship and the right to vote at age eighteen—operates automatically upon meeting the requisite factual threshold. Here, a competent state court applying federal law has established the threshold of "engagement in insurrection". Consistent with constitutional mandates, the resulting disqualification must be given full effect throughout the nation unless reversed by a higher court. By respecting the Colorado Supreme Court's

unchallenged factual determination, this Court upholds the Constitution's supremacy and ensures uniform application of Section 3's self-executing disqualification.

## 8.    **PRAYER FOR RELIEF**

8.1.    Wherefore Plaintiffs request that this court:

A. Declaratory Relief: As of this time, Congress has not exercised its constitutional authority under Section 3 of the 14th Amendment to remove Donald J. Trump's disqualification by a two-thirds vote of each house. Section 3's disqualification provision remains operative, and any individual authorized to administer the oath of office would violate the Constitution by administering the oath to Donald J. Trump. This Court issues this declaration solely to confirm the present state of constitutional compliance, leaving to Congress the authority to alter this status through its constitutional processes.

B. An injunction prohibiting Donald J. Trump from taking the oath of office or otherwise assuming the office of President of the United States in violation of Section 3 of the 14th Amendment, unless and until Congress removes his disqualification by a two-thirds vote of each house.

## **STATEMENT OF IMPORTANCE**

This case presents a critical constitutional question that directly impacts the integrity of democratic governance in the United States. Plaintiff seeks this Court's intervention to uphold the explicit mandates of the Constitution and ensure that the principles of equality, rule of law, and accountability remain foundational to our republic.

Respectfully submitted,

Mark Pinsley

1702 W Allen St, #1607

Allentown, PA 18104

sectionthreeclarity@gmail.com

484.652.1347

No _____

---

Mark Pinsley Pro Se, Plaintiff

v.

Donald J. Trump, John Doe, Jane Doe, Defendants

---

## CERTIFICATE OF SERVICE

I, Mark Pinsley, hereby certify that the following documents were served on January 13, 2025, upon:

**Donald J. Trump**
1100 S Ocean Blvd
Palm Beach, FL 33480

The documents served were:

- Pro Se Motion for Temporary Emergency Injunctive Relief (Two Copies)
- Pro Se General Complaint (Two Copies)
- Notice of a Lawsuit and Request to Waive Service of a Summons (Two Copies)
- Self-addressed stamped envelope with USPS-First Class Mail postage addressed to:
  Mark Pinsley, 1855 Valley Forge Road, Allentown, PA 18104

These documents were served by Joe Horton, a process server authorized by law, as documented in the attached **Affidavit of Service**, which confirms that service was completed via USPS-Priority Mail Express (Tracking Number: 9470136208070274637985).

Respectfully submitted,

Mark Pinsley, Pro-Se Plaintiff
1702 W Allen St. # 1607
Allentown, PA 18104
United States
sectionthreeclarity@gmail.com
484.652.1347

REC'D JAN 14 2025

## AFFIDAVIT OF SERVICE

| Case: | Court:<br>United States District Court for the Eastern District of<br>Pennsylvania | County: | Job:<br>12502768 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Mark Pinsley, Pro Se | | **Defendant / Respondent:**<br>Donald J. Trump, John Doe, Jane Doe | |
| **Received by:**<br>LawServePro | | **For:**<br>Mark Pinsley | |
| **To be served upon:**<br>Donald J. Trump | | | |

I, Joe Horton, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**    Donald J. Trump, 1100 S Ocean Blvd , Palm Beach, FL 33480

**Manner of Service:**    Mail, Jan 13, 2025, 11:01 pm EST

**Documents:**    Pro Se Motion for Temporary Emergency Injunctive Relief (Two Copies) , Pro Se, General Complaint (Two Copies), Notice of A Lawsuit and Request to Waive Service of A Summons (Two Copies), Self-Address Stamped Envelope with USPS-First Class Mail Postage Addressed To: Mark Pinsley, 1855 Valley Forge Road, Allentown, PA 18104, Return Address of: Donald J. Trump, 1100 S. Ocean Blvd, Palm Beach, FL 33480

**Additional Comments:**
1) Successful Attempt: Jan 13, 2025, 11:01 pm EST at 1100 S Ocean Blvd , Palm Beach, FL 33480 received by Donald J. Trump. All documents sent via USPS-Priority Mail Express Tracking Number: 9470136208070274637985

|  |  |
|---|---|
| *(signature)* | *Subscribed and sworn to before me by the affiant who is personally known to me.* |
| _____    January 13, 2025<br>Joe Horton                              **Date** | *(signature)*<br>_____<br>**Notary Public**<br>January 13, 2025                    4/19/2027<br>**Date**              **Commission Expires** |
| LawServePro<br>8482 Fort Smallwood Road B-110<br>Pasadena, MD 21122 | |



No _____

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

Mark Pinsley Pro Se, Plaintiff

v.

Donald J. Trump, John Doe, Jane Doe, Defendants

ORDER GRANTING EMERGENCY INJUNCTIVE RELIEF

ORDER

This matter, coming before the Court on Plaintiff's motion for a temporary restraining order and and emergency injunctive relief, is hereby GRANTED. Defendant, President-Elect Donald J. Trump, is prohibited from taking the oath of office for the Presidency of the United States until this case is fully resolved or until Congress removes the disability set forth in Section 3 of the Fourteenth Amendment by a vote of two-thirds of both houses. Furthermore, no person authorized to administer the oath of office to the President-Elect shall do so until this case is fully

resolved or until Congress removes the disability set forth in Section 3 of the

Fourteenth Amendment by a vote of two-thirds of both houses.


It is so Ordered

———————————

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Mark Pinsley

**DEFENDANTS**

Donald J. Trump

**(b)** County of Residence of First Listed Plaintiff   Lehigh County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Palm Beach, FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☒ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1.1. This matter concerns Section 3 of the Fourteenth Amendment - 28 U.S.C. § 1331 – Federal Question Jurisdiction
Brief description of cause:
Enforcement of Section 3 of the Fourteenth Amendment based on the defendant's adjudicated engagement in insurrection.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| | |
|---|---|
| DATE 1/1-13   1/13/25 | SIGNATURE OF ATTORNEY OF RECORD   Mark Pinsley, Pro Se    *Mark Pinsley* |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____