IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK PINSLEY,<br><br>  *Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>  *Defendants*. | CIVIL ACTION<br>NO. 25-0228 |

# O R D E R

**AND NOW**, this 15th day of January, 2025, upon consideration of both the Plaintiff's complaint, ECF No. 1, and *Pro Se* Motion for Temporary Emergency Injunctive Relief, ECF No. 2, it is hereby **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3).[*]

BY THE COURT:

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[*] *Pro se* Plaintiff Mark Pinsley has filed this lawsuit seeking declaratory and injunctive relief to prevent President-elect Donald J. Trump from taking the oath of office next week. He asserts that Trump is disqualified from assuming the office of the President of the United States because Trump allegedly violated Section 3 of the Fourteenth Amendment. The Court concludes, however, that Pinsley lacks the requisite Article III standing to mount such a legal challenge. Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Article III of the Constitution, federal courts may only adjudicate actual "cases" and "controversies." *See Allen v. Wright*, 468 U.S. 737, 750 (1984). Standing—an essential part of that requirement—requires that Pinsley have, among other things, a concrete and particularized injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Because Pinsley's alleged injuries are merely generalized grievances, abstractly shared by all voters, Pinsley lacks a particularized, concrete injury sufficient to confer Article III standing. *See, e.g.*, Compl. ¶ 3.1, ECF No. 1. Accordingly, this case is dismissed for lack of jurisdiction.